### IN THE UNITED STATES DISTRICT COURT
### FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JARROD C. STEWART, an individual, <br> JOHNNIE B. STEWART, an individual, <br> ANDREW J. HINEMAN, an individual, <br> DONALD J. HINEMAN, an individual, and <br> THOMAS J. WEHKAMP, an individual, <br><br> Plaintiffs, <br><br> v. <br><br> S&W SEED COMPANY, a Nevada corporation, and <br> WARNER SEEDS, INC., a Texas corporation. <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) Case No. <br> ) <br> ) <br> ) <br> ) <br> ) |

### COMPLAINT

COMES NOW, the Plaintiffs, Jarrod C. Stewart, an individual, Johnnie B. Stewart, an individual, Thomas J. Wehkamp, an individual, Andrew J. Hineman, an individual, and Donald J. Hineman, an individual, (collectively, "Plaintiffs" or "Farmers") and for their causes of action against the Defendants, S&W Seed Company, a Nevada corporation, and Warner Seeds, Inc., a Texas corporation (collectively, "Defendants"), together allege and state as follows:

### THE PARTIES, JURISDICTION AND VENUE

1. Jarrod C. Stewart is an individual domiciled and residing in Cimarron County, State of Oklahoma.

2. Johnnie B. Stewart is an individual domiciled and residing in Cimarron County, State of Oklahoma.

3. Andrew J. Hineman is an individual domiciled and residing in Lane County, State of Kansas.

4. Donald J. Hineman is an individual domiciled and residing in Lane County, State of Kansas.

5. Andrew J. Hineman and Donald J. Hineman together do business as a Kansas general partnership under the name "D&A Farms."

6. Thomas J. Wehkamp is an individual domiciled and residing in Finney County, State of Kansas.

7. S&W Seed Company is a Nevada corporation doing business in the State of Oklahoma, with its principal place of business in Longmont, Colorado.

8. Warner Seeds, Inc. is a Texas corporation doing business in the State of Oklahoma, headquartered in Hereford, Texas.

9. Jurisdiction and Venue are proper in the Western District of Oklahoma in that Defendants sold and delivered grain sorghum seed to at least one of its dealers who sold seed to farmers who planted the seed on farm land located in the Western District of Oklahoma.

## GENERAL ALLEGATIONS

10. Defendants are producers/growers of grain sorghum seed for the purpose of distribution and resale to farmers in various states, including Texas, Oklahoma, and Kansas.

11. The Farmers purchased certified SP68M57 grain sorghum seed ("Grain Sorghum Seed") from Defendants for the purpose of planting, growing, and harvesting grain sorghum crops in the 2025 crop year.

12. The Grain Sorghum Seed was contaminated with large amounts of forage sorghum seed ("Contaminated Seed"), causing the Farmers to unknowingly plant thousands of acres of contaminated seed.

13. The planting of the Contaminated Seed by the Farmers resulted in a complete and total loss of the grain sorghum crop planted for crop year 2025, as well as damages related to disposing of the contaminated crop and re-working thousands of acres to prepare the ground for the planting of crops for the 2026 crop year.

14. Upon information and belief, Defendant Warner Seeds, Inc. negotiated and purchased certain assets of Defendant S&W Seed Company, including its division and assets related to sorghum production and sales.

15. Warner Seeds, Inc. issued a written statement to is seed dealers and "Distribution Partners" stating that "[A]s a part of this transition, our team will be reaching out to discuss product returns, honor existing rebate programs, and ensure that all contractual obligations are fulfilled." Defendant Warner further issued announcements to its seed dealers and distribution partners that stated "[W]arner Seeds is dedicated to honoring existing agreements and improving support across the board."

## COUNT ONE
## STRICT PRODUCT LIABILITY

Plaintiffs incorporate Paragraphs 1 – 15, above, as though fully set forth herein.

16. Defendants are in the business of producing, manufacturing, and packaging grain sorghum seed for sale to farmers for the purpose of planting and growing grain sorghum crops.

17. The Grain Sorghum Seed was contaminated while in the possession and control of Defendants and was shipped to Defendants' seed dealers and farmers for re-sale and planting, and the contamination rendered the Grain Sorghum Seed defective.

18. The Grain Sorghum Seed was defective when it left Defendants' facilities and was shipped for resale to the Farmers.

19. Farmers purchased the Grain Sorghum Seed and were known to Defendants to be purchasers of the Grain Sorghum Seed for planting and growing crops in their farming operations.

20. The Contaminated Seed was the direct and proximate cause of severe and widespread damage to thousands of acres planted by Farmers to grow grain sorghum in their farming operations.

WHEREFORE, the Plaintiffs pray that they be awarded judgment on their claim for Strict Product Liability amount believed to be in excess of $8,000,000.00, with said amount to be proven through discovery and presented at trial, together with pre-and post-judgment interest, until paid, the costs of this action, reasonable attorneys' fees, and such further relief as to which Plaintiffs may be entitled.

## COUNT TWO
## NEGLIGENCE – GROSS NEGLIGENCE

Plaintiffs incorporate Paragraphs 1 – 20, above, as though fully set forth herein.

21. Defendants owed the duty of care of a reasonable certified seed producer/manufacturer in the agriculture industry to ensure the Grain Sorghum Seed was produced and packaged free of contamination that would render the Grain Sorghum Seed defective and unusable.

22. Defendants were negligent in the production and packaging of the Grain Sorghum Seed, and Defendants negligence was the direct and proximate cause of the Grain Sorghum Seed becoming contaminated.

23. At all relevant times Defendants had knowledge of the substantial and unnecessary risk of causing serious injury and damages to Farmers in providing defective and contaminated Grain Sorghum Seed to Farmers.

24. Defendants' conduct constitutes a reckless disregard and a want of even slight care in the production and packaging of the Grain Sorghum Seed.

25. Farmers sustained economic damages as a result of Defendants' negligence and gross negligence.

WHEREFORE, the Plaintiffs pray that they be awarded judgment on their claim for constructive fraud and deceit in an amount in excess of $8,000,000.00 for compensatory, consequential, incidental, and punitive damages, together with pre-and post-judgment interest, until paid, the costs of this action, reasonable attorneys' fees, and such further relief as to which Plaintiffs may be entitled.

## COUNT THREE
## VIOLATION OF THE OKLAHOMA CONSUMER PROTECTION ACT

Plaintiffs incorporate Paragraphs 1 – 25 above, as though fully set forth herein.

26. Defendants' action in producing, packaging, marketing and selling the Grain Sorghum Seed in such a contaminated and defective manner constitutes violations of the Oklahoma Consumer Protection Act 15 O.S. § 751 *et seq.*, as follows:

26.1. Defendants represented the Grain Sorghum Seed to be of a specific and particular make, brand, and quality, but had reason to know it was not;

26.2. Defendants made false and misleading representations regarding the Grain Sorghum Seed's certification and quality;

26.3. Defendants made false and misleading representations knowingly, or with reason to know, as to the characteristics, ingredients, contents, and qualities of the Grain Sorghum Seed; and

26.4. Defendants represented the Grain Sorghum Seed to be certified to meet a specific and particular quality when it was not.

27.   Farmers have sustained economic damages as a direct result of Defendants' violation of the Oklahoma Consumer Protection Act.

WHEREFORE, the Plaintiffs pray that they be awarded judgment on their claim for violation of the Oklahoma Consumer Protection Act in an amount in excess of $8,000,000.00 for compensatory, consequential, incidental, and punitive damages, together with pre-and post-judgment interest, until paid, the costs of this action, reasonable attorneys' fees, and such further relief as to which Plaintiffs may be entitled.

## COUNT FOUR
## BREACH OF EXPRESS AND IMPLIED WARRANTY

Plaintiffs incorporate Paragraphs 1 - 27 above, as though fully set forth herein.

28.   Defendants expressly and/or impliedly warranted the Grain Sorghum Seed would be free of defects and would be fit for merchantability and fit for Farmers' specific purposes of planting and growing a grain sorghum crop.

29.   Defendants' actions in producing, packaging, and selling contaminated and defective Grain Sorghum Seed to Farmers constitutes a breach of express and implied warranties for fitness of merchantability and fit for a specific purpose.

30.   Farmers have sustained economic damages as a result of Defendants' breach of express and implied warranties of the Grain Sorghum Seed.

WHEREFORE, the Plaintiffs pray that they be awarded judgment on their claim for breach of warranty in an amount in excess of $8,000,000.00 for compensatory, consequential, incidental, and punitive damages, together with pre-and post-judgment interest, until paid, the costs of this action, reasonable attorneys' fees, and such further relief as to which Plaintiffs may be entitled.

Respectfully Submitted,

*s/ Juston R. Givens*
Juston R. Givens, OBA No. 19102
Zachary A. Carson, OBA No. 34312
PERRI DUNN, PLLC.
BancFirst Tower, Suite 3280
100 N. Broadway Ave.
Oklahoma City, OK 73102
Telephone: (405) 724-8543
jrgivens@perridunn.com
zacarson@perridunn.com
***Attorneys for Plaintiffs***

**JURY TRIAL DEMANDED**